ALSD Local 91 (Rev. 5/18)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Alabama

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Willian Eusebio Pincay Anchundia | ) Case No. MJ 21-0178-B |
| Jorge Luis Lopez Pincay | ) |
| Ivan Darwin Anchundia Pincay | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ November 09, 2021 _____ in the county of _____ Mobile _____ in the _____ Southern _____ District of _____ Alabama _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46 U.S.C. 70503 | An individual may not knowingly or intentionally manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance on board a vessel of the United States or a vessel subject to the jurisdiction of the United States. |
| Title 46 U.S.C. 70506(b) | Conspiracy to violate Title 46 U.S.C. 70503 |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_Randall L Hoffman_
Complainant's signature

Randall Hoffman Special Agent, HSI
Printed name and title

Sworn to before me and attestation acknowledged pursuant to Fed. R. Crim. P. 4.1.

Date: _November 19, 2021_

_Judge's signature_

City and state: _____ Mobile, Alabama _____

Hon. Sonja F. Bivins, U.S. Magistrate Judge
Printed name and title

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

STATE OF ALABAMA          :
                                    : ss. <u>A F F I D A V I T</u>
                                    :
COUNTY OF MOBILE        :


    I, Randall L. Hoffman, being duly sworn, depose and state:

    I am a Special Agent with Homeland Security Investigations (HSI). I am presently assigned to the Office of the Resident Special Agent in Charge in Mobile, Alabama (RAC Mobile). I have been so employed with HSI since November 2001. As part of my daily duties as an HSI Special Agent, I investigate criminal violations relating to the national security of the United States such as drug smuggling, arms trafficking, financial crimes, including money laundering and bulk cash smuggling. I am authorized by the Homeland Security Act of 2002 to perform the duties provided by law and regulation, and empowered to conduct investigations of offenses against the United States; conduct searches without warrant at the border or its functional equivalent; conduct inquiries related to alienage and removability; execute and serve search and arrest warrants; serve subpoenas and summonses; administer oaths; make arrests without warrant; require and receive information relating to

1

offenses; and bear firearms.

This Affidavit is made in support of an application for the issuance of an arrest warrant for **Willian Eusebio Pincay Anchundia, Jorge Luis Lopez Pincay, and Ivan Darwin Anchundia Pincay.**   I am familiar with the information contained in this Affidavit based upon my involvement in this investigation and based on my conversations with other law enforcement officers.

Because this Affidavit is being submitted for the limited purpose of securing an arrest warrant, this affidavit may not include every fact known to me concerning this investigation.   I have set forth only those facts that I believe are necessary to establish probable cause to believe that evidence of violations of Title 46 U.S.C., Sections 70503 by **Willian Eusebio Pincay Anchundia, Jorge Luis Lopez Pincay, and Ivan Darwin Anchundia Pincay** exist.

Title 46 U.S.C. 70503 makes it a crime to Manufacture, distribute, or possess a controlled substance on vessels.   (a) Prohibitions. - An individual may not knowingly or intentionally manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance on board a vessel of the United States or a vessel subject to the jurisdiction of the United States.

2

As a result of the investigation described more fully below, there is probable cause to believe that **William Eusebio Pincay Anchundia, Jorge Luis Lopez Pincay, and Ivan Darwin Anchundia Pincay,** knowingly or intentionally manufactured or distributed, or possessed with intent to manufacture or distribute, a controlled substance on board a vessel of the United States or a vessel subject to the jurisdiction of the United States in violation of Title 46 U.S.C. Section 70503.

The United States Coast Guard (USCG) has the authority under 14 U.S.C 89 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and water over which the United States has jurisdiction, to enforce federal laws.

On November 9, 2021, while on routine patrol in the Eastern Pacific Ocean (EPAC) under United States Coast Guard (USCG) District 11 Tactical Control (D11 TACON), United States Coast Guard Vessel HARRY DEWOLF (HDW) detected a Target of Interest (TOI), profile Go Fast Vessel (GFV), in position 10-01.46N 106-58.626W, approximately 232 Nautical Miles East of Clipperton Island, FR.  HDW launched a Rigid Hull Inflatable Boat (RHIB). The RHIB arrived on scene and came alongside the compliant GFV. The Boarding Team (BT) achieved Positive Control (POSCON), no COVID concerns, and reported visible packages on deck. USCG BT

3

reported 3 Persons on Board (POB), **William Eusebio Pincay Anchundia, Jorge Luis Lopez Pincay, and Ivan Darwin Anchundia Pincay,** no flag flown, no registration, and a Master claim of Ecuador nationality. Based on the results of the Right of Visit (ROV), USCG enacted protocols and commenced forms exchange. Ecuador responded to the forms exchange and could neither confirm nor deny the nationality of the vessel. D11 TACON authorized HDW to treat the vessel as without nationality and conduct a full Law Enforcement (LE) boarding. BT commenced boarding of the TOI GFV. Field tests yielded two positive hits for cocaine from the packages on board. D11 TACON authorized to classify the three crewmembers as detainees. Detainees and contraband were removed from the TOI and placed on the USCG ship. Encounter checks on the 3 detainees resulted in no active wants or warrants, no criminal histories, and no records being found. BT discovered a total of 32 large 40-kilogram (kg) bales, and one standard 20 kg bale with an estimated at sea weight of 1300 kg. HDW requested and D11 TACON authorized Boarding complete. Additionally, HDW requested and D11 TACON authorized Sinking Exercise (SINKEX) of the GFV due to no suitable tow points and distance from shore.

Based on the foregoing, the Affiant believes that there is probable cause to believe that **Willian Eusebio Pincay Anchundia,**

4

**Jorge Luis Lopez Pincay, and Ivan Darwin Anchundia Pincay,** did knowingly and intentionally violate the provisions of Title 46 U.S.C., Sections 70503 and 70506(b).

This Affiant respectfully requests that this Court issue an arrest warrant for **Willian Eusebio Pincay Anchundia, Jorge Luis Lopez Pincay, and Ivan Darwin Anchundia Pincay.**

_Randall L Hoffman_
Special Agent Randall L. Hoffman
Department of Homeland Security
Homeland Security Investigations (HSI)


THE ABOVE AGENT HAD ATTESTED
TO THIS AFFIDAVIT PURSUANT TO
FED. R. CRIM. P. 4.1(b)(2)(B) THIS 19th
DAY OF November, 2021

SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE

5